**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**

**FILED**
**2008 Jan 08 PM 03:48**
CLERK U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
TOLEDO



Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| In Re: | Case No.: 07-32353 |
| Raymond D. Sears, | Chapter 7 |
| Debtor. | Adv. Pro. No. 07-3175 |
| Lori A. Sears, | Hon. Mary Ann Whipple |
| Plaintiff, | |
| v. | |
| Raymond D. Sears, | |
| Defendant. | |

### MEMORANDUM OF DECISION AND ORDER REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Lori A. Sears, commenced this adversary proceeding pro se against Defendant, Raymond D. Sears, her ex-husband and debtor in the underlying Chapter 7 case, in order to determine the dischargeability of an obligation to pay a mortgage debt as set forth in the parties' divorce decree. A letter filed by Plaintiff and served on Defendant, which the court construes as a complaint, alleges that, pursuant to the parties' divorce decree, Defendant was ordered to pay debts owed to Home Savings & Loan ("Home

Savings") that are secured by a first and second mortgage on a home and was ordered to hold her harmless on the debts. She further alleges that Debtor "is still responsible for the house deficiency." [Doc. # 1]. This adversary proceeding is now before the court on Plaintiff's Motion for Summary Judgment ("Motion") [Doc. # 14] and Defendant's Response [Doc. # 16]. Plaintiff's Motion seeks an order that the debt owed by Defendant directly to Home Savings be found nondischargeable and requests that the court grant Plaintiff all other relief the court determines just and equitable. The court has jurisdiction over this adversary proceeding under 28 U.S.C. § 1334(b) and the general order of reference entered in this district. Proceedings to determine the dischargeability of debts are core proceedings that the court may hear and decide. 28 U.S.C. § 157(b)(1) and (b)(2)(I).

After reviewing the motion, the opposing memorandum, and the exhibits submitted by the parties, the court will grant the Motion to the extent it seeks a determination that Defendant's obligation owed to Plaintiff pursuant to the divorce decree to hold her harmless as to the mortgage debt is nondischargeable but will deny the Motion to the extent it seeks a determination that his debt owed directly to Home Savings is nondischargeable.

## **FACTUAL BACKGROUND**

On June 22, 2006, the Court of Common Pleas of Seneca County, Ohio, entered judgment granting the parties a divorce. The divorce decree approved, with certain modifications, the Magistrate's Decision that was entered on March 7, 2006, and modified on April 21, 2006. Pursuant to the divorce decree, Defendant was ordered to pay child support for the parties' minor child. In addition, Defendant was awarded the marital home and ordered to pay, among other things, the first and second mortgage debt owed to Home Savings. [Doc. # 15, Ex. B, ¶13 at unnumbered p. 7]. The divorce decree further provides that "Defendant shall pay the debts as listed above, and shall hold Plaintiff harmless thereon." [*Id.* at unnumbered p. 8; Doc. # 16, unnumbered p. 10].[1] Plaintiff was awarded a Buick Automobile and ordered to pay the debt owed on that vehicle. [*Id.* at 7]. She was also awarded a one-half share of the equity in the

---

[1] Generally, to be considered by the court at the summary judgment stage, "'documents must be authenticated by and attached to an affidavit that meets the requirements of Rule 56(e).'" *Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000) (quoting *Oris v. Kirkwood,* 999 F.2d 86, 92 (4th Cir. 1993); *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990). A court order is self-authenticated where a copy of the order is certified as correct by the custodian. *See* Fed. R. Evid. 902(4). Although the June 22, 2006, divorce decree submitted as an exhibit by Plaintiff was not authenticated, the divorce decree submitted by Defendant was properly authenticated. The pages in Defendant's submission, however, were assembled out of order such that the last sentence of paragraph 13, which contains the "hold harmless" provision, is separated by three pages from the rest of that paragraph. [*See* Doc. # 16, Ex. B, unnumbered p. 6 and 10].

2

marital home and a judgment lien on the home was rendered in favor of Plaintiff in the amount of $3,482.04. [*Id.*; Doc. # 14,Motion, Ex. C ].

## LAW AND ANALYSIS

### I. Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper only where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In reviewing a motion for summary judgment, however, all inferences "must be viewed in the light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-88 (1986). The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, "and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party has met its initial burden, the adverse party "may not rest upon the mere allegations or denials of his pleading but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue for trial exists if the evidence is such that a reasonable factfinder could find in favor of the nonmoving party. *Id*.

### II. 11 U.S.C. § 523(a)(15)

Plaintiff's complaint and her Motion raise only issues of dischargeability of debts relating to the mortgage debt owed to Home Savings. Section 523(a)(15) was amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA" or "the Act"), effective October 17, 2005. Because Defendant's bankruptcy case was filed after that date, Plaintiff's complaint is governed by the amended statute, which provides in relevant part as follows:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt –
> . . . .
> (15) to a spouse, former spouse, or child of the debtor and not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

11 U.S.C. § 523(a)(15). Thus, to be excepted from discharge under this section, the debt must: (1) be to a

3

spouse, former spouse or child of the debtor; (2) not be of the type described in paragraph 5 of § 523, which excepts domestic support obligations; and (3) have been incurred in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court.

There is no dispute that the debt at issue is not a support obligation. Defendant argues, however, that he does not owe Plaintiff a debt pursuant to the divorce decree as is required for exception from discharge under § 523(a)(15). He argues that the only debt owed by him under the divorce decree is his obligation to pay the mortgage debt owed to Home Savings and that the divorce decree does not require him to hold Plaintiff harmless with respect to the mortgage debt.

Despite Defendant's characterization, as indicated above, the divorce decree clearly provides that "Defendant shall pay the debts as listed above, and *shall hold plaintiff harmless thereon.*" This provision clearly created a new obligation running from Defendant to Plaintiff. *Cf. Gibson v. Gibson (In re Gibson)*, 219 B.R. 195, 204-05 (B.A.P. 6th Cir. 1998) (finding the debtor's obligation set forth in the divorce decree to pay a joint prepetition debt created an additional obligation in favor of his ex-wife to pay the debt notwithstanding the absence of a hold harmless provision). Defendant acknowledges that a "hold harmless" provision in the divorce decree would create a debt owed to Plaintiff. [*See* Doc. # 16, p.2]. This is a separate obligation owed to Plaintiff that was incurred under the divorce decree as distinguished from Defendant's obligation owed to Home Savings. The plain language of the statute provides that all such debts owed to a former spouse that are not support obligations are nondischargeable.

As discussed above, however, § 523(a)(15) only excepts from discharge debts owed to a spouse, former spouse or child of the debtor. In her Motion, Plaintiff seeks an order that the debts owed by Defendant directly to Home Savings are nondischargeable under § 523(a)(15). Such debts not being owed to a spouse, former spouse or child of the debtor are not excepted from discharge under this subsection.

Finally, Defendant argues that under the equitable doctrine of unclean hands, Plaintiff is not entitled to the relief requested in her motion. According to Defendant, Plaintiff refused to quit claim her one-half interest in the marital home, preventing him from refinancing the mortgage at issue, and failed to pay the debt owed on the Buick as required of her under the divorce decree. To the extent that the doctrine of unclean hands may be asserted as a defense to a claim under § 523, to avoid or defeat summary judgment, Defendant must produce evidence to establish the defense. *See Yellow Springs Exempted Village Sch. Dist. Bd. of Ed. v. Ohio High Sch. Athletic Assoc.*, 647 F.2d 651, 659 (6th Cir. 1981); *United States v. 526 Liscum Drive,* 866 F.2d 213, *217 (6th Cir. 1988) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("To

4

defeat a motion for summary judgment, the non-moving party must, at a minimum, 'make a showing sufficient to establish the existence of an element essential to that party's case, ... on which that party will bear the burden of proof at trial.'"). However, Defendant has failed to do so.

He offers no evidence of Plaintiff's nonpayment of the automobile debt. As to her refusal to quit claim her one-half interest in the marital home, the court notes that the divorce decree does not require Defendant to refinance the mortgage and does not require Plaintiff to quit claim her interest to Defendant. In any event, Defendant offers only a letter that purports to be from attorney Upendra Patel and is addressed to attorney Richard Kahler. The letter states as follows:

> This letter is to follow up on the note that I received from you dated June 14th 2006 regarding the above referenced case.
> In your note, you indicate that your client is expecting to receive a Quit-Claim Deed from my client. Please be advised that my client will not execute any Quit-Claim Deed related to the marital residence until your client refinances the house and obtains the loan in his name only and pays my client her share of the equity in the marital residence. Once your client is able to do that[,] we will be happy to prepare a Quit-Claim Deed and forward it to your office. Until then, my client will not give up any interest she has in the marital residence.

[Doc. # 16, Ex. A]. The letter is not attached to an affidavit and is not otherwise authenticated. As such, it is not properly before the court on summary judgment. *See Carmona v. Toledo*, 215 F.3d 124, 131 (1st Cir. 2000); Fed. R. Bankr. P. 7056; Fed. R. 56(c).

Even if properly authenticated, the letter does not establish that Plaintiff has approached the court with unclean hands. The letter simply states, and reasonably so, that Defendant must have the ability to refinance the mortgage and to pay Plaintiff the amount representing her equity in the property before Plaintiff quit claims her interest to Defendant. And there is no evidence that Defendant had obtained approval by a lender for refinancing or, if so, that he had conveyed that information to Plaintiff.

## **CONCLUSION**

Although Defendant has not filed a cross-motion for summary judgment, there being no genuine issue of material fact regarding dischargeability of the debt owed by him directly to Home Savings, the court will grant him summary judgment on this issue. *Cf. In re Ward*, 300 B.R. 692, 695 (Bankr. S.D. Ohio 2003) (quoting *Ledford v. Tiedge (In re Sams)*, 106 B.R. 485, 491 (Bankr. S.D. Ohio 1989)) ("Federal Courts have long recognized that if there is no genuine issue as to any material fact the court may enter summary judgment, *sua sponte*."); *See In re Hunt*, 65 B.R. 627 (Bankr. M.D. Fla. 1986) (holding it

5

appropriate for the court to enter summary judgment in favor of the nonmoving party if the court determines that there are no genuine issues of material fact and nonmoving party is entitled to judgment as a matter of law); *see also* Fed. R. Civ. P. 56; Fed. R. Bankr. P. 7056.

While Plaintiff is not entitled to a judgment of nondischargeability with respect to the debt owed by Defendant to Home Savings, her Motion also requests that the court grant her all relief the court determines is just and equitable. There is no genuine issue as to any material fact regarding the dischargeability of the obligation owed by Defendant to Plaintiff pursuant to the divorce decree to hold her harmless as to the mortgage debt. Plaintiff is, therefore, entitled to summary judgment on this issue.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Plaintiff's Motion be, and hereby is, **GRANTED** as to Defendant's obligation to hold Plaintiff harmless as to the mortgage debt at issue and **DENIED** as to the debt owed by Defendant directly to Home Savings.